IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN GARY, | ) | |
| | ) | |
| Claimant, | ) | No. 11 C 4027 |
| | ) | |
| v. | ) | Jeffrey T. Gilbert |
| | ) | Magistrate Judge |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

Claimant John Gary ("Claimant") seeks review of the final decision of Respondent Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner"), denying his application for disability insurance benefits under Title II of the Social Security Act ("the Act"). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 19]. The Commissioner has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, the Commissioner's Motion for Summary Judgement [ECF No. 39] is granted, and the decision of the ALJ is affirmed.

### I. PROCEDURAL HISTORY

Claimant applied for disability insurance benefits under Title II of the Social Security Act on July 11, 2006, alleging disability beginning on April 4, 2006. (R.76-78). His application was denied initially on October 13, 2006 (R.7, 36), and upon reconsideration on December 15, 2006. (R.7, 36). On December 27, 2006, Claimant requested a hearing before an Administrative Law Judge ("ALJ"), which was held on December 18, 2007. (R.7, 36).

1

On December 21, 2007, the ALJ denied Claimant's application for disability benefits. (R.7, 36-37). The ALJ found that the date Claimant was last insured for disability benefits was September 30, 2004. *Id.* Because Claimant was not insured for disability benefits on April 4, 2006, the alleged onset date of his disability, he did not qualify for disability benefits. *Id.*

On June 14, 2011, Claimant appealed the Commissioner's decision in federal court. The district court, however, remanded the case back to the Social Security Administration on September 12, 2011 [ECF No. 12] pursuant to 42 U.S.C. § 405(g), because Claimant's claim file could not be found. (R.7, 13-15).

Following remand, the ALJ held another hearing on January 9, 2013, at which Claimant appeared and testified pro se. (R.8, 207-28). On April 25, 2013, the ALJ issued another decision finding that Claimant's insured status for disability insurance benefits had expired on September 30, 2004, and therefore, he did not qualify for benefits as of April 4, 2006, the alleged onset date of his disability. (R.7-12). The ALJ's decision became the final decision of the Commissioner when Claimant did not file any objection to the ALJ's decision and the Appeals Council did not assume jurisdiction. *See* 20 C.F.R. §404.984(d).

The Commissioner filed a motion to reopen this case after remand on April 13, 2015.[1] [ECF No. 13]. The Court conducted a status hearing on May 19, 2015, and counsel for Claimant and the Commissioner appeared. [ECF No. 17]. The motion to reopen was granted, and the Court set a briefing schedule for Claimant to file a motion for summary judgment. [ECF No. 17]. The Commissioner filed a supplemental administrative record. [ECF No. 18]. Counsel for Claimant

---

[1] Although this case had been closed administratively on the Court's docket and judgment was entered, this Court retained jurisdiction over the action. In a remand pursuant to 42 U.S.C. § 405(g), a court enters judgment after post-remand agency proceedings have been completed and their results filed with the court. *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).

subsequently filed a motion for relief from appointment and to withdraw as counsel, which was granted by this Court. [ECF No. 36].

A briefing schedule has been set and reset multiple times [ECF Nos. 17, 22, 25, 28, 31, 36], and Claimant has yet to file any motion. On April 7, 2016, the Court issued a rule to show cause why this case should not be dismissed for want of prosecution and set the matter for hearing on April 14, 2106. [ECF No. 37]. Claimant appeared by telephone and represented that he wanted to proceed. [ECF No. 38].

The Commissioner filed the instant motion [ECF No. 39] on April 22, 2016, almost one year after this case was reopened. The Court again reset the briefing schedule and gave Claimant until May 23, 2016 to respond to the Commissioner's motion and to file any motion he wished to file. [ECF No. 41]. Claimant again has not filed anything. Accordingly, the Court now considers the Commissioner's motion for summary judgement without any opposition from Claimant.

## II. STANDARD OF REVIEW

A decision by an ALJ becomes the Commissioner's final decision if the Appeals Council denies a request for review. *Sims v. Apfel,* 530 U.S. 103, 106–07 (2000). Under such circumstances, the district court reviews the decision of the ALJ. *Id.* Section 205(g) of the Social Security Act limits the scope of judicial review by providing that the findings of the Commissioner as to any fact shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g); *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Nelms v. Astrue,* 553 F.3d 1093, 1097 (7th Cir. 2009); *Powers v. Apfel,* 207 F.3d 431, 434 (7th Cir. 2000).

The "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Though the standard of review is deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue,* 534 F.3d 663, 665 (7th Cir. 2008). It may not,

3

however, "displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue,* 529 F.3d 408, 413 (7th Cir. 2008). Thus, judicial review is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence to support the findings. *Nelms,* 553 F.3d at 1097. The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

### III. ANALYSIS

The sole issue in this case is whether the ALJ correctly determined that Claimant was not insured for disability insurance benefits at the time of the alleged onset of disability on April 4, 2006. The Commissioner argues that the ALJ correctly denied Claimant's application for disability insurance benefits at step one. The Court agrees with the Commissioner.

It is undisputed that Claimant worked full time for the Chicago Transit Authority for 25 years and retired in October 1998, and then he worked full time for the City of Chicago Sanitation Department from April 1999 through April 4, 2006. (R.37, 97-99, 106). It also is not disputed that his work for the City of Chicago constituted substantial gainful activity. (R.10); *see also* 20 C.F.R. §§ 404.1510, 1572, 1574(b). Under the Social Security regulations, a person engaged in substantial gainful activity is not disabled, regardless of his medical condition. *See* 20 C.F.R. § 404.1620(a)(4)(i), (b). The ALJ correctly recognized that earliest date on which Claimant could be found to be disabled based on his medical condition was April 4, 2006, which is the date he stopped working full time. (R.10, 11).

4

Claimant alleges a disability beginning on April 4, 2006. (R. 76). Therefore, the sole question is whether Claimant was insured for disability insurance benefits at that time. The facts of this case show that Claimant was not insured for disability benefits as of April 4, 2006.

In order to receive disability insurance benefits, a person must be insured for benefits. To have disability insured status, a person must have at least 20 quarters of coverage in the 40-quarter period (10 years) before he or she becomes disabled. *See* 20 C.F.R. §§ 404.130(b), 404.132(a)(2). A person earns quarters of coverage by working full time at a job covered by Social Security. *See* 20 C.F.R.§ 404.140(a). Consequently, in order to have disability insured status as of the alleged onset date of disability, Claimant must have 20 quarters of coverage in the 10 years prior to April 4, 2006.

As stated above, Claimant worked full time for the City of Chicago from April 1999 through April 4, 2006. (R.97-99, 106). Under section 218 of the Social Security Act, a state may ask the Commissioner to extend Social Security coverage to employees of the state and its political subdivisions. 42 U.S.C.§ 418, 20 C.F.R. § 404.1200. As Claimant conceded, however, the City of Chicago maintains its own defined benefit pension fund, and does not contribute to Social Security. (R.209, 222). For that reason, Claimant's job with the City of Chicago from April 1999 through April 2006 was not covered by Social Security, and he did not earn any quarters of coverage while working at that job. *See* (R.92, 97).

Claimant worked at jobs covered by Social Security from the third quarter of 1968 through the third quarter of 1999 (July 1, 1968 through September 30, 1999), including his years as a bus driver for the Chicago Transit Authority. (R.92, 97-98, 106, 116, 221, 224). Therefore, Claimant's last 20 quarters of coverage ran from the last quarter of 1999 through the third quarter of 2004. (R.92, 97). Consequently, the ALJ determined that Claimant's insured status expired on

September 30, 2004, the last date on which he had 20 quarters of covered work within the last 40 calendar quarters. (R.10, 12, 92, 97). Claimant does not dispute that he last met the insured status requirements under the Social Security Act on September 30, 2004. Because Claimant did not have disability insured status at the time of his alleged onset of disability on April 4, 2006, the ALJ correctly determined that Claimant was not entitled to disability insurance benefits.

## IV. CONCLUSION

For all reasons set forth herein, Commissioner's Motion for Summary Judgment [ECF No. 39] is granted, and the ALJ decision denying disability insurance benefits for Claimant is affirmed.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: June 15, 2016